UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIM HICKEY | CIVIL ACTION NO. 14-2493 |
| VERSUS | JUDGE S. MAURICE HICKS |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

On September 25, 2014, the undersigned set a telephone scheduling conference for October 30, 2014, and directed counsel for Defendant City of Shreveport to initiate the call. [doc. # 8]. On October 30, 2014, defense counsel initiated the conference call and informed the undersigned that Plaintiff failed to participate in the Rule 26(f) report, failed to provide initial disclosures, and failed to provide defense counsel with any contact information. [doc. # 10]. Plaintiff did not join in the conference call. *Id.*

Accordingly, the Court issued an Order requiring Plaintiff to "show cause, in writing, on or before November 13, 2014, why his complaint should not be DISMISSED with prejudice for failure to comply with an order of this court and/or to appear at the scheduling conference." [doc. # 11]. That deadline has passed and Plaintiff has yet to show cause or seek an extension of time in which to do so.

### Law and Analysis

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions, including sanctions authorized under Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling conference. Rule 37(b)(2)(A)(v), in turn, provides for dismissal of an action in whole or in part.

Relatedly, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part).  This rule authorizes district courts to dismiss an action *sua sponte*.  *Link v. Wabash R Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  Exercise of the power to dismiss is ultimately committed to the sound discretion of the district courts.  *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Here, dismissal is warranted.  Plaintiff failed to appear at the scheduling conference, failed to show cause as ordered, failed to cooperate in preparing the Rule 26(f) report, and failed to provide his initial disclosures.  To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted).  Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.  *Berry*, 975 F.2d at 1191.

Here, the requirements for dismissal with prejudice are satisfied.  As discussed above,

Plaintiff has ignored more than one Court order. Further, dismissal may be the least sanction where, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action. Finally, Plaintiff's unrepentant flaunting of Court orders[1] reflects his own contumaciousness or "stubborn resistance to authority" which is personally attributable to him as a litigant unrepresented by counsel.[2]

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Complaint, [doc. # 1-2], be **DISMISSED WITH PREJUDICE** in accordance with Federal Rules of Civil Procedure 16(f) and 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[1] This Report and Recommendation provides Plaintiff with further notice of his non-compliance.

[2] "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 14th day of November, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE